IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERELL DAVISON, | |
| Plaintiff, | |
| v. | Case No. 25-cv-01521-SPM |
| DEANNA M. BROOKHART, *et al.*, | |
| Defendants. | |

## ORDER OF DISMISSAL

**MCGLYNN, District Judge:**

Plaintiff Terell Davison commenced this action by filing a complaint on July 31, 2025. (Doc. 1). At the time of filing, Plaintiff was directed to pay the $405.00 filing fee or file a Motion for Leave to Proceed *in form pauperis* ("IFP motion"). (Doc. 3). Plaintiff was warned that failure to pay the filing fee or file an IFP motion would result in dismissal for failure to prosecute.

Plaintiff did not pay the filing fee or file an IFP motion by the deadline set by the Court. On September 8, 2025, the Court entered a Notice of Impending Dismissal. (Doc. 6). Plaintiff was instructed to pay the filing fee or file an IFP motion by September 22, 2025. He was warned again that failure to comply with these instructions would result in dismissal of this case.

To date, Plaintiff has not paid filling fee, filed an IFP motion, or requested more time to do so. Plaintiff has ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). The Court will not allow this matter to linger indefinitely.

For these reasons, this action is **DISMISSED** without prejudice, based on Plaintiff's failure to comply with the Court's orders and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $405.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 6, 2025**

                                             *s/Stephen P. McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**